COOK, Justice
(dissenting).
I dissent from the majority’s denial of Waites’s petition for a writ of mandamus directing the Jefferson County Circuit Court to withdraw its order compelling arbitration of Waites’s invasion-of-privacy claim against the defendants.
The arbitration provision contained in the buyer’s order clearly states that any dispute arising out of the contract and concerning the purchased motor vehicle (a 1994 Nissan Maxima automobile) shall be submitted to binding arbitration. However, Waites’s claim against Jim Burke Motors and Fitzgerald alleging invasion of privacy does not fall within the scope of the arbitration provision; it does not arise out of the contract entered into by the parties concerning the purchased motor vehicle.
After completing the purchase of the 1994 Nissan Maxima automobile, Waites recommended Jim Burke Motors to several people, one of whom, Susan Smith, subsequently went to the dealership to purchase a vehicle. Smith told the salesman who was assisting her, Fitzgerald, that she had been referred by Waites. While Smith and Fitzgerald were discussing financing options, he stated, “If [Waites] could get financing for an automobile, anyone could.” It was the business being transacted between Jim Burke Motors and this third party out of which the invasion-of-privacy claim arose; it did not arise out of the contract between Jim Burke Motors and Waites for the purchase of the 1994 Nissan automobile, which is the subject matter of the arbitration provision. I would grant Waites’s petition; therefore, I dissent.